### 7817

#### SUMTER COFFIN AND CASKET MANUFACTURING CO. v. LANCASTER MERCANTILE CO.

EVIDENCE—CUSTOM.—Ruling out evidence as to custom in the coffin trade for charging for crating and wrapping is harmless under the undisputed evidence that buyer had not before paid such charges and of notice to seller that no such charges would be paid.

Before Shipp, J., Lancaster, June 1910.   Affirmed.

Action by Sumter Coffin and Casket Manfg. Co against Lancaster Mercantile Co. in the Court of Magistrate W. P. Caskey. From Circuit order affirming magistrate judgment, plaintiff appeals.

*Mr. W. P. Robinson* for appellant.

*Mr. Jno. T. Green,* contra.

March 11, 1911.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  The plaintiff brought this action in a magistrate's court to recover ninety-seven dollars and sixty cents, balance of an account for coffins sold.  The only controversy was over the charges made for crating and wrapping the coffins, amounting to $11.33, the contention of the defendant being that by its purchase it did not become liable for such charges.  The plaintiff offered to prove the custom of the trade to make these charges against buyers; and the evidence was excluded.  On appeal the Circuit Court held that the evidence was competent, but that the error of excluding it was harmless.

We think the ruling was right.  The defendant's buyers testified that they had expressly notified Brunar, the salesman of the plaintiff, at the time of purchasing, that expenses of crating and wrapping would not be paid.  It is true that the charge of $1.20 for crates in the bill of September 25, 1907, of $23.93 was made before Brunar became the representative of the plaintiff, but there was direct evidence from defendant's agent that it had paid $21.05 in full of the bill of that date, and that the defendant had not at any time before that paid the plaintiff for crating.  In view of the fact that none of this evidence was disputed it seems clear that evidence of a general custom of the trade could have had little, if any, probative value, and that it could not have availed against the undisputed evidence of the understanding between the parties themselves.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.